DYKEMA GOSSETT LLP
Craig N. Hentschel, SBN: 66178
    *chentschel@dykema.com*
S. Christopher Winter, SBN: 190474
    *kwinter@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, CA  90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

ROPES & GRAY LLP
Laurence S. Rogers (*Pro Hac Vice*)
    *laurence.rogers@ropesgray.com*
Ching-Lee Fukuda (*Pro Hac Vice*)
    *ching-lee.fukuda@ropesgray.com*
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212 596-9090

ROPES & GRAY LLP
Matthew J. Rizzolo (*Pro Hac Vice*)
    *matthew.rizzolo@ropesgray.com*
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Attorneys for Plaintiff
Spark Networks USA, LLC

WILSON SONSINI GOODRICH &
    ROSATI, P.C.
Stefani E. Shanberg (SBN 206717)
    *sshanberg@wsgr.com*
Caroline E.Wilson (SBN 241031)
    *cwilson@wsgr.com*
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

WILSON SONSINI GOODRICH &
    ROSATI, P.C.
Natalie J. Morgan (SBN 211143)
    *nmorgan@wsgr.com*
12235 El Camino Real, Suite 200
San Diego, CA 92130-3002
Telephone:  (858) 350-2300
Facsimile:   (858) 350-2399

Attorneys for Defendant
Zoosk Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SPARK NETWORKS USA, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>HUMOR RAINBOW, INC., ZOOSK, INC.,<br><br>    Defendants. | CASE NO. 2:11-CV-01430 JHN (JEM)<br><br>**[PROPOSED]** STIPULATED<br>**PROTECTIVE ORDER**<br><br>[Discovery Document: referred to Magistrate Judge John E. McDermott]<br><br>Discovery Cutoff:   November 15, 2011<br>Trial Date:             April 17, 2012 |

- 1 -

# **PROTECTIVE ORDER**

The parties to the above-captioned action desire to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial.  Accordingly, pursuant to Fed. R. Civ. P. 26(c) and any other applicable rule of this Court, it is hereby stipulated by and between the parties through their respective counsel of record, and **ORDERED THAT** the following protective order ("Protective Order") be entered to give effect to the agreed-upon terms and conditions to protect confidential information during discovery and trial. Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation and thereafter as set forth below.

## **Good Cause Statement**

The parties believe that good cause exists for the entry of this Protective Order because they are competitors in the marketplace and because, in addition to materials designated "Confidential Material," materials designated as "Confidential – Outside Counsel Only" or "Highly Restricted Confidential" (Computer Source Code) constitute trade secret or other confidential information the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party or violating an obligation of confidentiality to a third party.

In support of this Protective Order, THE COURT FINDS THAT:

I.     Documents and/or information containing confidential research, development, business and/or commercial information and/or trade secrets within the meaning of Rule 26(c) ("Confidential Information") are likely to be disclosed or produced during the course of discovery in this litigation;

II.     The parties to this litigation, Plaintiff Spark Networks USA, LLC ("Plaintiff") and Defendant Zoosk, Inc. ("Defendant"), may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage;

III.     Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

IV.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should be entered.

IT IS THEREFORE ORDERED THAT:

1.     This Protective Order shall apply to all information, documents and things subject to discovery in this Action produced either by a party or a non-party in discovery in this Action ("Action" shall include without limitation this litigation and any adjunct subpoena proceedings incident hereto before any tribunal) including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").  This Protective Order shall apply to non-parties, who shall be treated for purposes of this Protective Order as parties.

2.　　Discovery Material containing Confidential Information is referred to as "Confidential Material."  The following is not Confidential Material: (i) material which, on its face, shows or which, through other evidence, the receiving party can show has been published to the general public; (ii) information that the receiving party can show was lawfully in the receiving party's possession prior to being designated as Confidential Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the receiving party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; (v) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material, or (vi) information that was submitted to a governmental entity without request for confidential treatment.

3.　　In determining the scope of information which a party may designate as its Confidential Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

4.　　The producing party shall label or mark each document and thing that it deems to be Confidential Materials with the following term:

**"CONFIDENTIAL"**

5.     The parties may designate as CONFIDENTIAL – OUTSIDE COUNSEL ONLY those Confidential Materials that contain Confidential Information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, license agreements and other highly confidential technical, research and development, business strategy, and financial information.  These designations shall be made in good faith.  The parties shall label or mark each such document or thing with the following term:

**"CONFIDENTIAL – OUTSIDE COUNSEL ONLY"**

6.     The parties may designate as HIGHLY RESTRICTED CONFIDENTIAL those Confidential Materials that contain Computer Source Code. As used herein, the term "Computer Source Code" means computer source code or similarly highly confidential programming statements and/or instructions that in general are converted into machine language – or used in support of converting source code into machine language – by compilers, assemblers, or interpreters, and source code comments revision histories, and data that are held by a party within its source code control system.  These designations shall be made in good faith.  Design documents, product and program specifications, and similar documents such as flow charts and functional diagrams, generally are not "Computer Source Code," shall not be designated as HIGHLY RESTRICTED CONFIDENTIAL, and shall be treated and produced consistent with documents designated at levels of confidentiality lower than the HIGHLY RESTRICTED CONFIDENTIAL designation.  The parties acknowledge that because of the highly sensitive nature of Computer Source Code and because of the ease with which electronic media may be copied, transported, or stolen, a distinct level of protection is required for Computer Source Code as to which CONFIDENTIAL – OUTSIDE COUNSEL ONLY designation would not provide adequate protection to the interests of the designating

party and whose wrongful dissemination could result in irreparable harm to the designating party.  The parties shall label or mark each such document or thing with the following term:

**"HIGHLY RESTRICTED CONFIDENTIAL"**

7.     The labeling or marking of a document or tangible thing with the designation CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL shall be made when a copy of the document or thing is provided to the receiving party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL," on the face of each such document or thing.  Any such designation that is inadvertently omitted or misdesignated may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark the Confidential Material and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

8.     In the case of deposition upon oral examination or written questions, such testimony shall be deemed CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of thirty (30) days after receipt by the designating party of the final deposition transcript unless otherwise designated at the time of the deposition or during the thirty (30) day period.  Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing CONFIDENTIAL,

CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after receipt by the designating party of the final the final deposition.  If the testimony is not otherwise designated at the time of the deposition or during the thirty (30) day period after receipt by the designating party of the final deposition transcript, the testimony will be deemed to not be Confidential Material.

9.     In the case of written discovery responses and the information contained therein, the responses may be designated as containing CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL information by means of a statement prominently associated with each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend on the front page of such discovery responses stating: "CONTAINS [the highest level of designation contained in the answers]."  Any such designation that is inadvertently omitted or misdesignated may be corrected within thirty (30) days of service of such discovery responses by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

10.     In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such

information may be designated CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL information by informing the receiving party of the designation in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

11.    Any documents or tangible things made available for inspection prior to producing copies of selected items shall initially be deemed CONFIDENTIAL – OUTSIDE COUNSEL ONLY unless otherwise designated at the time of inspection and shall be subject to this Protective Order.  Thereafter, the producing party shall have a reasonable time to review and designate the documents as set forth in paragraph 7 above prior to furnishing copies to the receiving party.

12.    Disclosure of CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material.  Material designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY and any information contained therein shall be disclosed only to the following persons:

a.    Counsel of record in this action for the receiving party, including both local and trial counsel.

b.    Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case: independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non-technical jury or trial consulting services (expressly excluding mock jurors);

c.      The Court, its personnel and stenographic reporters (with such CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material having been filed under seal or with other suitable precautions as determined by the Court);

d.      At a deposition or at trial, any person who authored or previously received the Confidential Material and, subject to timely objection including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party; and

e.      Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who (1) are engaged by counsel of record in this action, whether or not such expert or consultant is paid directly by a party, and (2) are not regularly employed by or associated with a party hereto, other than by the designating party, provided however that disclosure to such persons shall be made only on the conditions set forth in paragraphs 15 and 16 below.

13.     Disclosure of CONFIDENTIAL Material.  CONFIDENTIAL material and any information contained therein may be disclosed to the persons designated in paragraphs 12(a)-(e) above.

14.     Disclosure of HIGHLY RESTRICTED CONFIDENTIAL Material. HIGHLY RESTRICTED CONFIDENTIAL material and any information contained therein may be disclosed only to the following persons and in strict accordance with the following procedures:

a.      HIGHLY RESTRICTED CONFIDENTIAL material, to the extent in electronic format, may at the option of the producing party be provided on two standalone computers with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Standalone Computers").  The Standalone Computers will enable two persons separately to access simultaneously copies of the Computer Source Code.  The Standalone Computers shall be maintained in the sole control and custody of

counsel of record for the producing party and shall be maintained in the United States at an office of counsel of record for the producing party that is at a convenient location for the receiving party or at such other location as shall be mutually agreed to by the parties.  A designating party shall make its Computer Source Code available for inspection by those individuals acting for the receiving party who are authorized under this Order to have access to information designated HIGHLY RESTRICTED CONFIDENTIAL.

b.     HIGHLY RESTRICTED CONFIDENTIAL material, to the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials described in paragraphs 7-10 above.

c.     Only persons designated under paragraph 12(a) and 12(e) above shall have access to the Standalone Computers, provided, however, that the following additional restrictions shall apply to such access:

i.     The designating party must allow access to the Standalone Computers containing its Computer Source Code on reasonable terms and after reasonable notice by the requesting party.  Generally, reasonable terms and notice are as follows: the Computer Source Code should be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time), so long as notice is provided to the designating party by not later than 10:00 a.m. local time two days prior to the day upon which access is desired.  The requesting party shall make its best efforts to restrict its access to normal business hours.  Counsel of record for the receiving party shall provide with the notice a list of individuals, including attorneys, seeking to access such Standalone Computers and the designating party shall have the right to object to such access in accordance with paragraph 16 herein; and

1   ii.   Each time a person accesses the Standalone Computers,

2   the person shall sign a sign-in sheet prior to, and a sign-out sheet

3   subsequent to, accessing the Standalone Computers, including the name

4   of the person accessing, the date and time in and out, and whether any

5   hard copies were made.

6   d.   The receiving party shall not have the right to, and agrees not to,

7   copy, transmit or duplicate HIGHLY RESTRICTED CONFIDENTIAL

8   materials in any manner, including scanning or otherwise creating an

9   electronic image of the HIGHLY RESTRICTED CONFIDENTIAL materials,

10   except as set forth herein:

11   i.   A laser printer with an adequate paper supply shall be

12   attached to the Standalone Computers and the receiving party shall

13   make no more than 500 total pages of hard copies of HIGHLY

14   RESTRICTED CONFIDENTIAL material that they in good faith

15   consider to be necessary to proving the elements of their case.  In the

16   event that the receiving party feels that this disclosure is inadequate, it

17   may ask the producing party to permit additional pages of hard copies

18   of HIGHLY RESTRICTED CONFIDENTIAL materials.  If the

19   producing party refuses, the receiving party may petition the Court for

20   additional pages after reasonable time for review by the receiving

21   party's expert.

22   ii.   Whenever hard copies are made, copies of the hard copies

23   shall be provided to counsel for the producing party along with an

24   identification of when the copies were made and who made them.

25   iii.   Any hard copies shall be conspicuously marked HIGHLY

26   RESTRICTED CONFIDENTIAL in conformity with paragraphs 6-10

27   above, and the producing party shall have the right to annotate the hard

28   copies with production Bates numbers.

iv.     The receiving party shall keep a log including: (a) the custodian of each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials; and (b) the name of all persons accessing the HIGHLY RESTRICTED CONFIDENTIAL materials.

e.     All HIGHLY RESTRICTED CONFIDENTIAL materials, including all copies, in the possession of the receiving party shall be maintained in a secured, locked area.

f.     All HIGHLY RESTRICTED CONFIDENTIAL materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time will any HIGHLY RESTRICTED CONFIDENTIAL material be given to or left with the Court Reporter or any other individual.

g.     The receiving party shall not convert any of the information contained in the hard copies into an electronic format, except when reproducing excerpts of the information in an expert report or a court filing, and then only according to the additional restrictions on HIGHLY RESTRICTED CONFIDENTIAL materials contained in this Order.

h.     At least sixty (60) days prior to the scheduled trial date, the parties shall meet and confer to discuss whether alternative arrangements should be made for the production of the Computer Source Code just prior to, and during, trial.

i.     Modification of Source Code Provisions.  The parties stipulated to the treatment of Computer Source Code in an effort to balance the parties' security concerns against their burdens in having to review and produce the information.  Should one or more of the parties come to believe that these provisions do not achieve this objective after a reasonable trial period, they may seek to modify these provisions pursuant to paragraph 24 and the trial period shall not prejudice their rights to seek such relief.

15.     Any person employed by the Plaintiff or Defendant and any of their officers, any attorney representing or who acts in a legal capacity for a party, whether in-house or outside counsel, and any person retained by a party or attorneys of a party, who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information (which includes pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, and confidential product development, design and operation information) designated by another party as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application pertaining to the subject matter of the patent-in-suit during the pendency of the litigation and for two (2) years after conclusion of the litigation (including any appeals).  Notwithstanding the foregoing, outside litigation counsel of record subject to this provision may participate in any reexaminations of the patent-in-suit, unless such reexamination is initiated by or on behalf of Spark during the pendency of this litigation, with the understanding that such persons may in no way utilize any information designated by another party as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL under this Protective Order for any purpose related to the reexamination.

16.     Trial counsel desiring to disclose Confidential Materials to experts or consultants specified in paragraphs 12(e) or 13 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking.  A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae (including a disclosure of prior expert trial or deposition testimony given over the last four (4) years) for such expert or consultant and a list identifying all persons or entities for whom or for which such

expert or consultant has been engaged during the past four (4) years and the general subject matter and nature of such engagements.  No Confidential Materials shall be disclosed to such expert or consultant until after the expiration of a five (5) business day period commencing with the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that five (5) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Materials to such expert or consultant, except by mutual agreement of the parties or further order of the Court.  The party desiring disclosure of such Confidential Materials shall have the burden of filing a motion with the Court seeking leave to make such disclosure.

17.    The restrictions on the use of Confidential Materials established by this Protective Order are applicable only to the use of information received by a party from another party or from a nonparty.  A party is free to use its own information as it pleases.

18.    Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL.  Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL material shall be sealed pursuant to the Court's Civil Local Rules.  Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.  Such items or information shall be filed or lodged in sealed envelopes or other appropriate sealed containers.  Each sealed envelope or container shall be endorsed with the title and case number of this action, and a statement in substantially the following form:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

THE MATERIALS CONTAINED HEREIN HAVE BEEN
DESIGNATED AS CONFIDENTIAL [CONFIDENTIAL –
OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED
CONFIDENTIAL] PURSUANT TO PROTECTIVE ORDER AND
MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE
COURT OR PURSUANT TO COURT ORDER.

19.     The acceptance by a party of documents designated as
CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY
RESTRICTED CONFIDENTIAL shall not constitute an agreement, admission or
concession, or permit an inference, that the material(s) are in fact properly the
subject for protection under Fed. R. Civ. P.26 (c), or some other basis.  Documents
designated CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY,
or HIGHLY RESTRICTED CONFIDENTIAL shall be treated in accordance with
the provisions of this Protective Order, except that any party may at any time seek
an Order from the Court determining that specified information or categories of
information are not properly designated as CONFIDENTIAL, CONFIDENTIAL –
OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL,
provided that prior to making such a motion the parties shall meet and confer in
good faith to resolve any differences over the designation.  In response to the filing
of such a motion, the party claiming confidentiality shall have the burden of proving
that the Confidential Material in question is protectable under Fed. R. Civ. P.26 (c)
or some other basis, or, as the case may be, that the designation of
CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY
RESTRICTED CONFIDENTIAL is not necessary under the circumstances.  A party
shall not be obligated to challenge the propriety of a designation of Confidential
Material at the time made, and failure to do so shall not preclude subsequent
challenge.  Should any party (or non-party) seek an Order from the Court to
determine whether specified information or categories of information are not

1   properly designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE
2   COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, the claimed
3   designation shall remain operative and respected by all the parties and non-parties
4   pending the Court's ruling.

5       20.   Nothing in this Protective Order shall require disclosure of material that
6   a party contends is protected from disclosure by the attorney-client privilege or the
7   attorney work-product immunity or any other applicable privilege.  This shall not
8   preclude any party from moving the Court for an Order directing the disclosure of
9   such material.

10      21.   Inadvertent disclosure, by production, inspection, or otherwise, of
11  documents or information subject to the attorney-client privilege, work product
12  immunity or any other applicable privilege shall not constitute a waiver of, nor a
13  prejudice to, any claim that such or related material is privileged or protected by the
14  work product immunity or any other applicable privilege, provided that the
15  disclosing party promptly notifies the receiving party in writing after discovery of
16  such disclosure.  Such disclosed documents or information, including all copies
17  thereof, shall be returned to the producing party immediately upon request, except
18  that the receiving party may maintain one (1) copy of the disclosed documents or
19  information solely for the purpose of challenging any claim that such material is
20  privileged or protected by the work product immunity or any other applicable
21  privilege.  Such documents shall be segregated from the other documents produced
22  in this litigation.  No use shall be made of such documents or information during
23  deposition or at trial, nor shall such documents or information be shown to anyone
24  who has not already been given access to them subsequent to the request that they
25  be returned.  In the case of a produced document, the producing party shall then
26  provide or amend a privilege log identifying such produced document.  The
27  receiving party may move the Court for an Order compelling production of any
28

disclosed document or information in accordance with Rule 26(b)(5)(B), Fed. R. Civ. P.

22.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

23.     In addition the specific requirements set forth in paragraph 14 hereof regarding the handling of HIGHLY RESTRICTED CONFIDENTIAL materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

24.     This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

25.     Confidential Materials shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

26.     In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective

- 17 -

Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

27.    Within thirty (30) days after the dismissal or other conclusion of this Action ("Termination of Action") with respect to a producing party, including any appeals, all Confidential Materials (except HIGHLY RESTRICTED CONFIDENTIAL materials) produced by that party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed.  Within ten (10) days after the final dismissal or other conclusion of this Action with respect to a producing party, including any appeals, all HIGHLY RESTRICTED CONFIDENTIAL materials produced by that party shall be returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such materials that all such materials have been returned.  Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda and work product.

28.    This Protective Order shall survive the final termination of this Action with respect to any retained Confidential Materials.

29.    Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

30.    If a party wishes to use Confidential Material at the examination at deposition or trial of any witness not entitled to have access to such Confidential Materials, such Party shall obtain the consent of the producing party, in advance, and the failure of the examining attorney to obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial or their progress,

unless, in the case of a deposition, all persons attending the deposition consent, and in the case of trial the Court so rules.  Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the room until such line of inquiry is completed.  Where Confidential Material may be revealed or referred to in a question that will be put to the witness at trial upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may request that the Court require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the courtroom until such line of inquiry is completed

31.     No copy of any transcript of any deposition which is designated, in part or in whole, as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition.  The original of any transcript of any deposition designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, if required to be filed, shall be filed with the Court under seal in accordance with paragraph 18 hereof, unless otherwise agreed by the producing party.

1    32.   The terms of this Protective Order may be applied to the Confidential

2  Materials of a non-party, as long as that non-party agrees in writing to be bound by

3  the terms of this Protective Order.

4

5

6    **IT IS SO ORDERED**

7

8  DATED: September 22, 2011

9                                        Hon. John E. McDermott

10                                       United States Magistrate Judge

11

12

13  Dated: September 14, 2011            **DYKEMA GOSSETT LLP**
                                        Craig N. Hentschel
14                                      S. Christopher Winter

15                                      **ROPES & GRAY LLP**
                                        Laurence S. Rogers
16                                      Ching-Lee Fukuda

17

18                                      By:*/s/ Craig N. Hentschel*
                                           Craig N. Hentschel
19                                         Attorneys for Plaintiff
                                           SPARK NETWORKS USA, LLC
20

21  Dated: September 14, 2011            **WILSON SONSINI GOODRICH & ROSATI**
22                                      Stefani E. Shanberg
                                        Natalie J. Morgan
23                                      Caroline E. Wilson

24

25                                      By:*/s/ Natalie J. Morgan*
26                                         Natalie J. Morgan
                                           Attorneys for Defendant
27                                         ZOOSK, INC.

28

- 20 -

**EXHIBIT A**

UNDERTAKING CONCERNING RECEIPT OF

CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER

I, _____ declare that:

1.     My present residential address is

_____.

2.     My present employer is _____.

and the address of my present employer is

_____.

3.     My present occupation or job description is

_____.

4.     I have received and carefully read the Protective Order in this Action

dated _____, and understand its provisions.  As a condition precedent

to receiving any Confidential Materials, as such are defined in the Protective Order,

I agree to subject myself to the personal jurisdiction of this Court with respect to the

enforcement of the provisions of the attached Protective Order.  I understand that I

am obligated, under Order of the Court, to hold in confidence and not to disclose the

contents of any document marked or later designated pursuant to the Protective

Order as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or

HIGHLY RESTRICTED CONFIDENTIAL to anyone other than those persons

identified in paragraphs 12, 13, and 14 of the Protective Order to the extent that such

persons are qualified to review such information.  I further understand that I am not

to disclose to persons other than those persons identified in paragraphs 12, 13, and

14 of the Protective Order any words, substances, summaries, abstracts or indices of

Confidential Materials or transcripts disclosed to me.  In addition to the foregoing, I

understand that I must abide by all of the provisions of the Protective Order.

5.     At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record in this Action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Materials which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.     I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil Action for damages by the disclosing party.

7.     I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Executed on:_____     Signed:_____